**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADER OTONIEL LOPEZ (A No. 221-489-564),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTION CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-03708-JLT-HBK<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1.) |

Ader Otoniel Lopez a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 11.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **DENIES** the petition for writ of habeas corpus.

This Court summarized the factual and procedural history behind this action in previous orders and incorporates those summaries by reference here. (*See* Case No. 1:26-cv-01372-JLT-HBK, Docs. 12, 15.) On April 17, 2026, this Court adopted the findings and recommendations issued by the assigned magistrate judge in this case to grant Petitioner's petition for writ of habeas corpus and order Respondents to provide Petitioner with an individual bond hearing at which the Government bears the burden of proof by clear and convincing evidence to show that Petitioner's

detention is warranted. (*See* Case No. 1:26-cv-01372-JLT-HBK, Doc. 15 at 2.) On May 4, 2026, Petitioner filed another petition for habeas corpus before District Judge Troy L. Nunley, who dismissed the petition as successive. *See Ader O.L. v. Warden, California City Immigr. Ctr.*, No. 1:26-CV-03385-TLN-AC, 2026 WL 1299005 (E.D. Cal. May 12, 2026) (finding that Petitioner raised the same issues that were decided in Case No. 1:26-cv-01372-JLT-HBK). Petitioner filed a third petition for habeas corpus before District Judge Troy L. Nunley, which was ultimately referred to this Court pursuant to Local Rule 123, as the Court found it to be related to No. 1:26-cv-01372-JLT-HBK. (*See* Case No. 1:26-cv-03708-JLT-HBK, Doc. 9.)

The Court adopts the reasoning in *Ader O.L.* and finds that Petitioner presents in the instant petition the same issues that were decided in the two actions. Although Petitioner states that he "does not seek to relitigate [his] initial entitlement to a bond hearing" nor does he "ask this Court to sit as an appellate bond court reviewing the Immigration Judge's discretionary weighing of evidence," the Court is unpersuaded by his attempt to argue as separate an identical constitutional injury previously addressed by this Court and others – that the Government violated his Fifth Amendment rights by arresting and detaining him without providing a pre-deprivation notice and hearing.[1] (1:26-cv-03708-JLT-HBK, Doc. 1 at 6.)

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court is directed to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

Dated:   **May 26, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner's detention becomes unreasonably prolonged, Petitioner may raise a due process challenge at that time. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 877–82 (E.D. Cal. 2022) (finding that petitioner's one-year detention under § 1226(c) entitled him to a bond hearing).